
**STUART F. DELERY**
Acting Assistant Attorney General
**S. AMANDA MARSHALL, OSB #953473**
United States Attorney
District of Oregon
**JUDRY L. SUBAR**
Assistant Branch Director
United States Department of Justice
Civil Division -- Federal Programs Branch
**TAMRA T. MOORE, DCB #488392**
Tamra.Moore@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division -- Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C.  20530
Telephone:     (202) 514-8095
Facsimile:     (202) 616-8460
Attorneys for Defendants.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OREGON RESTAURANT AND LODGING ASSOCIATION,** *et al.,* | Case No. 3:12-CV-01261 HU |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' BILL OF COSTS AND CONSENT MOTION TO STAY EXECUTION OF COSTS PENDING ANY APPEAL** |
| v. | |
| **HILDA L. SOLIS,** Secretary of the United States Department of Labor, **et al.,** | |
| Defendants. | |

**Page 1**     Defendants' Response to Plaintiffs' Bill of Costs and Consent Motion to Stay Execution of Costs Pending Appeal
          *Oregon Restaurant and Lodging Assoc. et al., v. Solis et al.,* 3:12-CV-01261-HU

## DEFENDANTS' RESPONSE to PLAINTIFFS' BILL of COSTS and CONSENT MOTION to STAY EXECUTION of COSTS PENDING APPEAL

**I.     Defendants' Response to Plaintiffs' Bill of Costs**

On July 8, 2013, plaintiffs, Oregon Restaurant & Lodging Association, Washington Restaurant Association, Alaska Cabaret, Hotel, Restaurant, & Retailers Association, National Restaurant Association, Davis Street Tavern, LLC, and Susan Ponton, filed a bill of costs, seeking to recover from the government $750 in costs incurred in this litigation.  The government opposes only one element of plaintiffs' motion.  The Court should not permit plaintiffs to recover $400 in *pro hac vice* fees because these "fees are an expense of counsel for the privilege of practicing law," *Romero v. United States*, 865 F. Supp. 585, 594 (E.D. Mo. 1994), in a given court and thus not a taxable cost under 28 U.S.C. § 1920.  *See, e.g.*, *Montgomery Cty. v. Microvote Corp.*, No. 97-cv-6331, 2004 WL 1-87196, at *3 (E.D. Pa. May 13, 2004) (same); *Schmitz-Werke GMBH v. Rockland Indus.*, 271 F. Supp. 2d 734, 734 (D. Md. 2003) ("The *pro hac vice* fee is an expense of counsel, not the client, and is thus not recoverable."); *but see, e.g.*, *Adidas Am., Inc. v. Payless Shoesource, Inc.*, Nos. 01-1655-KI, 03-1116-KI, 2009 WL 302246, at *2 (D. Or. Feb. 9, 2009) (concluding that *pro hac vice* fees "are taxable as costs if reasonably necessary to prosecute the case").

Even if this Court concludes otherwise, plaintiffs should not be able to recover *pro hac vice* fees for the four attorneys for whom they now seek fee reimbursement.  Although plaintiffs state that each attorney "was reasonably necessary to prosecute this case," Declaration of William Robert Donovan, Jr., ECF No. 42, at ¶6, they have not offered any evidence demonstrating so.  Indeed, during the course of this litigation, counsel for defendant has interacted with only two attorneys, Bob Donovan and Paul DeCamp.  Where, as here, the funds

to pay plaintiffs' bill of costs are derived from the public fisc, plaintiffs must proffer proof that each attorney for whom they seek *pro hac vice* fee reimbursement actually contributed in substantial part to the prosecution of this case. *See, e.g.*, *Adidas Am.*, 2009 WL 302246, at *2 (refusing to permit plaintiffs to recover *pro hac vice* costs for one attorney who billed only 23 hours to the litigation); *see also United States ex rel. Woodruff v. Hawai'i Pacific Health*, No. 05-00521 JMS-LEK, 2008 WL 5115051, at *5 (D. Hawai'i Dec. 5, 2008) (refusing to order defendant to pay *pro hac vice* fee costs for attorney whose role "in this case was limited").

**II.     Defendants' Consent Motion to Stay Execution of Costs Pending Any Appeal**

On July 19, 2013, this Court denied defendants' consent motion for extension of time to respond to plaintiffs' bill of costs, which runs on July 22, 2013, pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule of Civil Procedure 54(b). Defendants have now responded to plaintiffs' bill of costs. In the event that the Court decides to award plaintiffs their costs in this case, defendants respectfully request that the Court stay execution of the payment of any costs to plaintiffs pending any appeal that may be taken in this case under Federal Rule of Civil Procedure 63(e). Pursuant to Local Rule 7-1, defendants' counsel conferred with plaintiffs' counsel regarding this motion, and plaintiffs consent to the request.

Courts have been willing to stay execution of the bill of costs pending the resolution of any appeal taken. *See, e.g.*, *Fonesca v. Secor Int'l, Inc.*, No. CV-04-1117-ST, 2005 WL 1587065, at *3 (D. Or. June 13, 2005) (staying execution of the bill of costs pending Ninth Circuit appeal); *Waine-Golston v. Time Warner Entertainment-Advance /New House Partnership*, No. 11cv1057 GPB(RBB), 2013 WL 1899928, at *2 (S.D. Cal. May 7, 2013) (same). Defendants make this request because a notice of appeal, if any, is due on August 23, 2013. Because defendants are still considering whether to appeal the Court's ruling in this

Page 3     Defendants' Response to Plaintiffs' Bill of Costs and Consent Motion to Stay Execution of Costs Pending Appeal
         *Oregon Restaurant and Lodging Assoc. et al., v. Solis et al.,* 3:12-CV-01261-HU

matter, they respectfully request a stay of execution of plaintiffs' bill of costs until either (1) 30 days after the time to file any appeal of this Court's decision has expired, or (2) 30 days after the mandate issues in this case should any appeal be taken, whichever occurs later.

Dated this 22nd day of July 2013.

                                                    Respectfully Submitted,

                                                    STUART F. DELERY
                                                    Acting Assistant Attorney General

                                                    S. AMANDA MARSHALL
                                                    United States Attorney
                                                    District of Oregon

                                                    JUDRY L. SUBAR
                                                    Assistant Branch Director

                                                    _/s/ Tamra T. Moore_
                                                    TAMRA T. MOORE
                                                    Trial Attorney