IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**OREGON RESTAURANT AND LODGING, et al.**,

        Plaintiffs,

v.

**HILDA L. SOLIS, et al.**,

        Defendants.

No. 3:12-cv-01261-MO

OPINION AND ORDER

**MOSMAN, J.**,

On July 12, 2012, plaintiffs filed a lawsuit seeking declaratory and injunctive relief. On June 7, 2013, I issued my Opinion and Order [36], granting plaintiffs' motion for summary judgment [26]. Plaintiffs timely filed their bill of costs [40]. For the reasons that follow, I GRANT plaintiffs' bill of costs in the amount of $550.

## LEGAL STANDARD

Costs are generally awarded to the prevailing party in a civil action as a matter of course, unless the court directs otherwise. Fed. R. Civ. P. 54(d). Expenses that may be taxed as costs are enumerated in 28 U.S.C. § 1920. The court may not tax costs beyond those authorized by 28

1 – OPINION AND ORDER

U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995) (citing *Aflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990)). The losing party incurs the burden of demonstrating why certain costs should not be awarded. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). The court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

In addition, the court retains discretion to refuse to tax costs in favor of a prevailing party. *See K-2 Ski Co. v. Head Ski Co., Inc.*, 506 F.2d 471, 476–77 (9th Cir. 1974). When the court exercises its discretion to deny costs, it must explain its reasons for doing so. *Save Our Valley*, 335 F.3d at 945.

## ANALYSIS

Plaintiffs are seeking recovery of "fees to the clerk and marshal." 28 U.S.C. § 1920(1). These fees include plaintiffs' filing fee as well as the pro hac vice admission fees for four attorneys. Defendants oppose only the latter.

Although courts are split on whether pro hac vice fees can be taxed, *see, e.g., Woodruff v. Hawai'i Pacific`` Health*, 2008 WL 5115051, at *5–6 (D. Haw. Dec. 5, 2008), I agree with Judge King that "pro hac vice fees are taxable as costs if reasonably necessary to prosecute the case." *Adidas Am., Inc. v. Payless ShoeSource, Inc.*, 2009 WL 302246, at *2 (D. Or. Feb. 9, 2009). Although plaintiffs assert that each of the four attorneys for whom they now seek fee reimbursement "was reasonably necessary to prosecute this case," (Donovan Decl. [42] ¶ 6), they

have not explained why this was so. As a result, I exercise my discretion to deny fee reimbursement for two of plaintiffs' attorneys. Plaintiffs are therefore entitled to $550 in costs.

In the event that I decide to award plaintiffs their costs, which I do, defendants request [46] that I stay the execution of the payment of any costs to plaintiffs pending any appeal that may be taken in this case. This is the second such request [43]. I am at a loss as to why defendants would exert this extraordinary effort to stay the payment of such a relatively insignificant amount in costs. Defendants' application for stay [46] is therefore DENIED.

## CONCLUSION

Plaintiffs' bill of costs [40] is GRANTED in the amount of $550. Defendants' application for stay [46] is DENIED.

IT IS SO ORDERED.

DATED this   25th   day of July, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge